United States District Court
For The Northern District of West Virginia

David Lynn Bell
Plaintiff,

vs.

United States of America
Defendant.

)
)
)
)
)  Cu. No.: 3:21cv148
)  Groh Trumble  Sims
)
)  FTCA Complaint

FILED

SEP 1 0 2021

U.S. DISTRICT COURT-WVND
MARTINSBURG, WV 25401

Complaint

I. The Parties
    The Plaintiff brings the above styled FTCA Complaint against the Federal Bureau of Prisons/United States Penitentiary Hazelton in Bruceton Mills, WV, et. al.

II. Jurisdiction and Venue
    The United States District Court for the Northern District of West Virginia has jurisdiction over this civil action pursuant to 28 U.S.C. §§§ 1346(b)(1), 1402(b), and 2671 et.seq as the United States of America is a Defendant, the Complaint is being filed in the district where the act occurred, and the FTCA waives the FBOP's sovereign immunity in this instance.
    This district also retains the venue pursuant 28 U.S.C. § 1391(b)(2) and (e) as the complained of event occurred within this district and the action is prompted by officers/employees of the United States of America.

①



III. Administrative Remedy Exhaustion/Timeliness

Plaintiff has filed a Standard Form 95 with the Mid-Atlantic Regional Office which has been considered and denied. Plaintiff followed up with a request for reconsideration which has not been answered.

Plaintiff is currently not in possession of his legal property, but will prove these allegations upon its arrival to his new location or upon Government challenge.

IV. Claim One

Plaintiff requests this Honorable Court to take Judicial Notice of the following facts:

1) According to CDC.gov, people age 65 or older, those with underlying medical conditions such as Chronic lung disease, moderate to severe asthma, serious heart conditions, diabetes, severe obesity, liver disease, Chronic Kidney disease, and the immuno compromised are at higher risk for deleterious effects from Covid-19.

2) According to CDC.gov and Section 361 of the P.H.S., the Incubation period for Covid-19 is up to 14 days and it is possible to test negative for the virus 2-5 days following exposure.

4) According to CDC.gov and other sources, the Inability to social distance exaggerates the likelihood of Covid-19 transmission.

5) At the time of Plaintiff's exposure to Covid-19, the FBOP was under modified operations requiring all new transfers to be housed with their own cohorts for 14-21 days before being placed in general population.



"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The "[a]ctual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1959.

On or about 12/11/2020, a busload of inmates were transferred from USP McCreary to USP Hazelton. Among these inmates was a man named Michael Yates. These inmates were housed together in multiple USP Hazelton units and quarantined after being tested for the Covid-19 virus. Mr. Yates, as well as other inmates in this cohort, was deemed "asymptomatic" and tested negative.

Mr. Yates was placed in cell 324 with another inmate and quarantined, but later that day found he was unable to remain in that particular cell. USP Hazelton employees removed him from the cell and placed him in cell 108 - Plaintiff's cell. At that time, Plaintiff was placed on quarantine to accomodate inmate Yates.

Approximately two weeks later, Mr. Yates was tested and found to be positive for Covid-19. Plaintiff was infected and hospitalized after his ongoing illness was diagnosed. The actions of USP Hazelton employees were negligent and caused the suffering and anguish associated with coronavirus infection.

"Under West Virginia law, to prove a negligence claim, a



Plaintiff must establish a duty owed by defendant, a negligent breach of that duty, and injuries received thereby, that were the proximate cause from that breach of duty." Bates v. United States 2020 U.S. Dist. LEXIS 222234 (N.D. W. V. 2020) (see Little v. United States, 2014 U.S. Dist. LEXIS 114273 at 5 and 13 (N.D. W. V. 2014)). In West Virginia law, the duty of care that BOP owes to inmates is "reasonable care. See McNeal v. United States, 979 F. Supp. 431 (N.D. W. V. 1997).

In consideration of the forementioned facts, USP Hazelton employees did not exercise "reasonable care" in assigning a newly arrived inmate into a cell with Plaintiff. This action violated FBOP modified operations and CDC guidelines causing a communicable disease to be introduced to Plaintiff - who is a high risk for deleterious results.

V. Prayer for Relief

I, David Lynn Bell, do hereby pray for this Honorable Court to find the necessary elements have been satisfied to docket this civil suit requesting damages of $500,000.00 and any and all relief deemed proper by this Court.

I further affirm that the foregoing stated facts are true and correct under penalty of perjury pursuant state and federal law.

Respectfully submitted,

David Lynn Bell

David Lynn Bell

<u>Certificate of Service</u>

I, David Lynn Bell, do hereby certify under penalty of perjury pursuant 28 U.S.C. § 1746 that I am serving a true and complete copy of the included FTCA "Complaint" on the Clerk of Court for the Northern District of West Virginia using the United States Postal Service and the United States Penitentiary Allenwood legal mail with First Class prepaid postage affixed to the following address:

Clerk of Court
Federal Building
217 West King Street, 1st Floor
Martinsburg, WV 25401

Dated and signed this 3rd day of September, 2021.

David L. Bell # 12333-028
FCC - Allenwood USP
PO Box 3000
White Deer, PA 17887