**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DAVID LYNN BELL,**

        **Plaintiff,**

**v.**                                      **CIVIL ACTION NO.: 3:21-CV-148
(GROH)**

**UNITED STATES OF AMERICA,**

        **Defendant.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On September 10, 2021, the *pro se* Plaintiff, who was previously[1] a federal prisoner incarcerated at USP Hazelton, in Bruceton Mills, West Virginia, initiated this case by filing a complaint with the Clerk.  ECF No. 1.[2]  Following the issuance of a notice of deficient pleading, Plaintiff filed his complaint on the Court-approved form on October 8, 2021.  ECF No. 7.  Plaintiff claims he is entitled to damages pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, for acts which allegedly occurred while Plaintiff was incarcerated at USP Hazelton in the Northern District of West Virginia.  Plaintiff paid the initial partial filing fee on November 2, 2021.  ECF No. 14.

The matter is now before the undersigned for a Report and Recommendation to

---

[1]  According to the docket and the Bureau of Prisons inmate locator, Plaintiff is now incarcerated at USP Allenwood in White Deer, Pennsylvania.  https://www.bop.gov/inmateloc/

[2]  All CM/ECF numbers cited herein are from the instant case, 3:21-CV-148, unless otherwise noted.

the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2.  For the reasons

set forth below, the undersigned recommends that the complaint be denied and dismissed

without prejudice.

## II.        FACTUAL AND PROCEDURAL HISTORY

### A.        Claims in the Complaint

The complaint alleges that on or about December 12, 2020, another inmate, Yates,

was transferred to USP Hazelton from USP McCreary.  ECF No. 7 at 6.  Further, the

complaint alleges that inmate Yates was "quarantined" with Plaintiff, who developed

symptoms for and contracted COVID-19 two weeks later, with a confirmed diagnosis of

COVID-19 on January 12, 2021.  Id.  Plaintiff asserts that "unknown employee(s)" of USP

Hazelton. . . disregarded protocol and quartered someone needing quarantine in [his] cell

with [him]."  Id.

According to Plaintiff, he has preexisting conditions which "magnify[ ] the likelihood

of death", and that as a result of his exposure to and contraction of COVID-19, he suffered

the following injuries: (1) hospitalization for COVID-19; (2) lasting respiratory effects; (3)

lasting memory problems; and (4) unknown other future effects.  Id. at 9.

Plaintiff seeks an $500,000.00 in compensatory damages.  Id.

### B.        Motion to Dismiss for Lack of Jurisdiction

Defendant filed a motion to dismiss for lack of jurisdiction, accompanied by a

memorandum, and exhibit in support thereof, on April 8, 2022.  ECF Nos. 28, 28-1, 28-2.

Defendant argues that Plaintiff's complaint should be dismissed because the discretionary

function exception to the FTCA, codified at 28 U.S.C. 2680(a), shields Defendant from

liability.  ECF No. 28-1 at 1 – 3.  Defendant further argues that Plaintiff cannot meet his

initial burden to state a claim that is not barred by the discretionary function exception, and therefore, his complaint should be dismissed.  Id. at 4.  Defendant cites to the two-part test articulated in Rich v. United States, 811 F.3d 140, 144 (4th Cir. 2015) (internal citations omitted) to support its argument.  Rich held that:

> To determine whether conduct qualifies for the discretionary function exception, courts apply a two-pronged test. First, a court considers whether the challenged governmental conduct involves an element of judgment or choice.  When a statute, regulation, or policy prescribes a specific course of action, there is no discretion and the exception does not apply. Second, if the challenged conduct does involve an element of judgment, the court must then determine whether the judgment was one that the exception was designed to protect, namely, a judgment based on considerations of public policy.

ECF No. 28-1 at 3 – 4.  Defendant contends that no federal statute, regulation, or protocol specifically described a course of action for Bureau of Prisons employees to follow in relation to COVID-19 protocols.  Accordingly, because there was no specific directive, the conduct of employees involved the exercise of judgment.  Defendant further argues that under Supreme Court precedent, the BOP's response to COVID-19 was a "multi-factored decision that required significant policy analysis," and " '[p]rison administrators … should be accorded wide-ranging deference in the adoption of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' "  ECF No. 28-1 at 6, quoting Whitley v. Albers, 475 U.S. 312, 321-22 (1986).  Accordingly, Defendant argues that the second prong of Rich is met.  Defendant seeks dismissal, arguing that because both prongs of Rich are met by the Government, that the discretionary function exception precludes subject matter jurisdiction.  ECF No. 28-1 at 8.

### C.      Plaintiff's Response to Motion to Dismiss

On May 31, 2021, Plaintiff filed a Response to Defendant's motion to dismiss, along with multiple exhibits.  ECF Nos. 41, 41-1 through 41-13.  Therein, Plaintiff argues that the discretionary function exception does not defeat subject matter jurisdiction in his case. ECF No. 41 at 4 – 6.  To support his argument, Plaintiff cites to Dolan v. United States Postal Service, 546 U.S. 481, 491-92 (2006) (internal citations omitted), which stated, "the general rule that 'a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign,' . . . . is 'unhelpful' in the FTCA context, where 'unduly generous interpretations of the exceptions run the risk of defeating the central purpose of the statute.' "  ECF No. 41 at 5.  Plaintiff contends that "there was no judgment or choice available for the officers to make besides the quarantine of [ ] Yates.  Where to quarantine him was an established policy in the FBOP.  They had no option to place a quarantined man into a cell with someone from the general population." Id. at 6.  Plaintiff argues that the BOP COVID-19 Pandemic Response Plan "specifically described the quarantine, cohort, and isolation procedures, therefore no choice or judgment was left for the discretionary function exception to protect."  Id.  Plaintiff cites to various modules of the Pandemic Response Plan in support of his claims.  Id. at 7 – 9.

Plaintiff alleges that when Yates was transferred to USP Hazelton, he was in a quarantine cohort on December 10, 2020.  ECF No. 41 at 2.  Further, Plaintiff concedes that on December 12, 2020, when Yates was placed in a cell with Plaintiff, that Yates was asymptomatic.  Id. at 2, 11.

According to Plaintiff, the Pandemic Response Plan was in place in USP Hazelton, and it "specifically prescribed a course of action. . . no discretion existed."  Id. at 12.

4

Plaintiff distinguishes between the discretion afforded the BOP's administration and the actions mandated at the operational level. Id. at 13. "After the implementation by the prison administration is finalized, the officers are not given the choice or judg[ment] to change the rules." Id.

Plaintiff concludes that, "[a]t the time of th[e] [BOP's] negligence, the operational staff were following a prescribed course of action meant to limit the exposure of the general population to the COVID-19 virus." Id. at 15.

### D.    Defendant's Reply to Plaintiff's Response

On June 22, 2022, Defendant filed a reply, along with exhibits in support thereof. ECF Nos. 45, 45-1 through 45-4, 49. The Defendant argues that BOP employees followed the BOP COVID-19 Pandemic Response Plan, including the correct grouping or "cohorting" of inmates who are "infected or colonized with or potentially exposed to the same infectious agent . . . to confine their care to one area and prevent contact with susceptible patients." ECF No. 45 at 2. Defendant asserts that Plaintiff and his cellmate were both asymptomatic and negative for COVID-19 when they were placed in the same cell. Id. Accordingly, Defendant argues "there is simply no evidence to support Plaintiff's allegation that BOP staff knowingly place a COVID positive Yates into a cell with Plaintiff." Id. at 3. Further, Defendant asserts that the Pandemic Response Plan is discretionary, and that "the modules themselves consist largely of non-binding guidance for officials managing prison facilities." Id. According to Defendant, "[t]he modules continue to give an individual prison flexibility in managing COVID as the particular circumstances within its walls may warrant." Id. at 4.

As exhibits, Plaintiff attached: (1) a declaration of the Health Services

Administrator at FCC Hazelton [ECF No. 45-1] which stated "BOP staff followed all procedure and did not knowingly place a COVID positive Yates into a cell with Plaintiff"; (2) from the COVID-19 Pandemic Response Plan, a 166-page excerpt consisting of the table of contents, and Modules 1 through 11, plus indices [ECF No. 45-2]; (3) from the COVID-19 Pandemic Response Plan, an additional 8-page excerpt of Module 6 on Inmate Movement [ECF No. 45-3]; and (4) under seal, medical records for inmate Yates showing that he tested negative for COVID-19, as well as being asymptomatic for COVID-19, on two dates prior to his transfer to FCC Hazelton: October 6, 2020, and November 18, 2020, and once on December 11, 2020, after being transferred to FCC Hazelton, but before being placed in a cell with Plaintiff [ECF No. 49].

### III.   LEGAL STANDARD

#### A.   Review of Complaints

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such complaint and submit findings and recommendations to the District Court. This Court is charged with screening Plaintiff's case to determine "any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss, . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

#### B.   Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion. Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by

6

statute).  The Supreme Court in <u>Neitzke</u> recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

## C.    Actions Under the Federal Tort Claims Act (FTCA)

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. <u>Dalehite v. United States</u>, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680.

In 2021, the Supreme Court issued a decision which summarized the historical precedent which led to the enactment of the FTCA:

> The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment.

---

[3] The version of 28 U.S.C. § 1915(d) which was effective when <u>Neitzke</u> was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

Before 1946, a plaintiff could sue a federal employee directly for damages, but sovereign immunity barred suits against the United States, even if a similarly situated private employer would be liable under principles of vicarious liability. Despite that immunity, the Government often would provide counsel to defendant employees or indemnify them.   In addition, Congress passed private bills that awarded compensation to persons injured by Government employees.   But by the 1940s, Congress was considering hundreds of such private bills each year.   Critics worried about the speed and fairness with which Congress disposed of these claims.

In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment.   The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b).   A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:

 [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[4]

Brownback v. King, 141 S. Ct. 740, 746 (2021) (cleaned up and internal citations omitted).

An inmate "can sue under the FTCA to recover damages from the United States Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S.

---

[4] 28 U.S.C. § 1346(b)(1) provides, "[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

150 (1963). The FTCA provides at § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

However, the FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). "The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any government employee or agency is the only proper defendant in an FTCA lawsuit. See 28U.S.C. 2679(a); Webb v. Hamidullah, 281 F. App'x 159, 161 n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA); Allfgeir v. U.S., 909 F.2d 869 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee").

A constitutional civil rights claim is not cognizable in an FTCA lawsuit. FDIC v. Myer, 510 U.S. 471, 477-79 (noting that a constitutional tort claim is not cognizable in an FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); Blanchard v. United States, No. 2:14cv58, 2015 WL 4107311, at 13 (N.D.W. Va. July 7, 2015), aff'd 622 F. App'x 287 (4th Cir. 2015) (per curiam) (unpublished) (finding that a civil rights claim alleging a violation of the Eighth

Amendment prohibition against cruel and unusual punishment is not actionable against the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA.

A number of statutory exceptions apply to the Federal Tort Claims Act, including an exception for any discretionary function, or for any damages related to establishment of a quarantine:

> The provisions of this chapter and section 1346(b) of this title shall not apply to--
> (a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.
>
> . . . .
>
> (f) Any claim for damages caused by the imposition or establishment of a quarantine by the United States.

28 U.S.C.A. § 2680.

### D.      Motions to Dismiss

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited,

"the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff's complaint was filed *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

 "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation. Id. at 678. "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Thus,

11

a well-pleaded complaint must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

## IV.   ANALYSIS

As recognized by the Supreme Court in Brownback v. King, 141 S. Ct. at 746, an FTCA claim is actionable if it alleges the six elements of 28 U.S.C. § 1346(b). Specifically, a successful FTCA claim must be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his office or employment; and (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Plaintiff asserts that he was injured when he was negligently exposed to COVID-19 from another inmate who was asymptomatic when he placed in a cell with Plaintiff. ECF No. 7 at 6. Plaintiff identified "unknown employees" of USP Hazelton and the Bureau

of Prisons as the wrongdoers who proximately caused him to contract COVID-19.  Id.

Defendant's motion to dismiss argues that the discretionary function exception to the FTCA excludes the United States from liability for such a claim.  ECF No. 28-1. Further, Defendant's reply asserts for the first time that the quarantine exception to the FTCA excludes the United States from liability.[5]  ECF No. 45 at 1.

The Fourth Circuit has previously recognized that when the Government argues that the discretionary function exception applies, it is essentially an assertion that the court lacks subject matter jurisdiction.  Tyree v. United States, 814 F. App'x 762, 766 (4th Cir. 2020).  The Court agrees with Defendant's argument that the discretionary function exception applies here, rendering Plaintiff claim unactionable.

The discretionary function exception is codified in subsection (a) of the exceptions statute:

> The provisions of this chapter and section 1346(b) of this title shall not apply to—(a) Any claim based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid, or based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.

28 U.S.C. § 2680.

In Blanco Ayala v. United States, 982 F.3d 209, 214–15 (4th Cir. 2020), the Fourth Circuit summarized the analysis which must be performed to determine whether the

---

[5]  Therein, Defendant argues for the first time that 28 U.S.C. § 2680(f) "immunizes the Government from suit for damages proximately caused by the decision whether to impose a quarantine and any actions undertaken by the Government to carry out the purposes of the quarantine.  The Government retains this immunity even if it acts negligently in carrying out the quarantine."  ECF No. 45 at 1 – 2, quoting Wallace v. United States Dep't of Just., 2021 WL 2853692, at *2 (E.D.N.C. June 24, 2021), aff'd, No. 21-7017, 2022 WL 1024613 (4th Cir. Apr. 6, 2022).

discretionary function exception bars an FTCA claim:

> To determine whether the exception applies, we must first ascertain whether the acts in question "are discretionary in nature," such that they "involv[e] an element of judgment or choice." *United States v. Gaubert*, 499 U.S. 315, 322, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991) (quoting *Berkovitz v. United States*, 486 U.S. 531, 536, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988)). The exception does "not apply when a federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow." *Berkovitz*, 486 U.S. at 536, 108 S.Ct. 1954.
>
> Second, we must determine whether the challenged "governmental actions and decisions" were "based on considerations of public policy." *Id.* at 537, 108 S.Ct. 1954. When statutes, regulations, or agency guidelines grant discretion to a government agent, "it must be presumed that the agent's acts are grounded in policy when exercising that discretion." *Gaubert*, 499 U.S. at 324, 111 S.Ct. 1267. In conducting this analysis, we do not "inquire whether policy considerations *were actually* contemplated in making a decision." *Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 208 (4th Cir. 2002). Rather, we consider only whether "the nature of the challenged decision in an objective, or general sense, ... is one which we would expect inherently to be grounded in considerations of policy." *Baum*, 986 F.2d at 721.

As to the first prong articulated in Blanco Ayala, the Supreme Court has stated that "conduct cannot be discretionary unless it involves an element of judgment or choice. Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988). Further, "if the employee's conduct cannot appropriately be the product of judgment or choice then there is no discretion in the conduct for the discretionary function exception to protect." Id. "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" United States v. Gaubert, 499 U.S. 315, 322 (1991) (*quoting* Berkovitz).

14

Thus, to meet the first prong of the <u>Blanco Ayala</u> analysis, the Plaintiff must establish that the Government's agents whom he accuses of negligence were not performing a discretionary function at the time he alleges he was injured.  To meet that standard, Plaintiff must establish that the Government was not exempt from the FTCA pursuant to 28 U.S.C. § 2680(a).   However, it is clear that Plaintiff is unable to demonstrate either fact.

BOP employees appear to have engaged in a discretionary function in determining whether Plaintiff and Yates were in a similar cohort, and thus could be housed in the same cell.  The BOP is charged with the discretionary duty of care to maintain order within its facilities pursuant to 18 U.S.C. § 4042.  That statute provides in pertinent part, that, "[t]he Bureau of Prisons under the direction of the Attorney General, shall . . . provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States."   However, as the Fourth Circuit has held, "decisions relating to the accommodation of inmates, such as cell assignments, are the type of day-to-day judgments that rest firmly in the discretion of prison officials." <u>Veney v. Wyche</u>, 293 F.3d 726, 733 (4th Cir. 2002).  Accordingly, decisions made by BOP officials related to the accommodation of inmates, including cell assignment, rest firmly within the discretionary function of those officials.

To the extent that Plaintiff argues that BOP employees were mandated to take specific action based on the BOP Pandemic Response Plan, he is unable to cite to authority which supports that claim.  Plaintiff cites to various modules of the Pandemic Response Plan, but fails to cite to a specific instance and specific module where BOP employees violated the modules.  ECF No. 41 at 6 – 9.  Plaintiff does not allege that any

specific modules was violated.  Rather, Plaintiff asserts that the modules are mandatory, and do not permit BOP employees to exercise discretion.

Plaintiff concedes in his response that at the time Yates was placed in a cell with him that Yates was asymptomatic.  ECF No. 41 at 2, 11.  Plaintiff was also asymptomatic at that time.  For sake of argument, even if the Court were to agree with Plaintiff that the Pandemic Response Plan was mandatory, and that BOP employees were required to establish cohorts of inmates who had a similar COVID-19 status, it is still within the discretion of BOP employees to determine cell placement of inmates in the same cohort. Moreover, Defendant provided medical records which demonstrate that Yates tested negative for COVID-19 before being placed in a cell with Plaintiff.  On December 12, 2020, Plaintiff and Yates were in the same cohort because both were inmates who tested negative and were asymptomatic.  BOP employees exercised discretion as to the cell placement for those asymptomatic inmates in the same cohort.  Decisions about cell placement are based upon the discretion and judgment of the BOP's staff.  That decision is subject to the discretionary function exception to liability under the Federal Tort Claims Act.

As to the second prong of the <u>Blanco Ayala</u> test, Plaintiff is also incapable of demonstrating that he is entitled to relief.  The FTCA's discretionary function exception only applies to discretionary conduct that is based on social, economic, or political goals. Where an established government policy—such as the BOP policies related to the provision of suitable quarters for inmates, and for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States—allows a government agent to exercise discretion, "it must be presumed that the agent's acts are

grounded in policy when exercising that discretion."  <u>Gaubert</u>, 499 US at 324.  Therefore, a complaint cannot survive a motion to dismiss unless it alleges facts that would support a finding that "the challenged actions are not the kind of conduct that can be said to be grounded in the policy of the regulatory regime."  <u>Id.</u> at 324 – 25.  Congress in enacting 18 U.S.C. § 4042, granted to BOP employees discretion with respect to how to best ensure the safekeeping, care, and subsistence for all inmates in their suitable quarters. Such responsibility is based on the considerations of public policy related to inmate safety and welfare.  Accordingly, the decision of BOP staff related to cell assignment of inmates, falls within the discretionary function exception to the FTCA.

Accordingly, to the extent that the Plaintiff alleges that BOP employees' actions on December 12, 2020, to move Yates, who on the previous day[6] tested negative for and was asymptomatic for COVID-19, into a cell with Plaintiff, the discretionary function exception is applicable, and the United States is immune from liability for the Plaintiff's complaint.[7]

Because Defendant is immune from suit under the Federal Tort Claims Act when the act or omission complained of is covered by the discretionary function exception, Plaintiff's complaint fails.  Even if Plaintiff demonstrated that he meets all six prongs to assert a cause of action under the FTCA and <u>Brownback</u> his claim still fails.  Regardless of whether the alleged injuries he suffered on December 17, 2018, were caused by the negligent or wrongful act or omission of any employee of the Government, the

---

[6]  See ECF No. 49.

[7]  The undersigned further acknowledges that the Defendant is also immune from suit under the quarantine exception codified in 28 U.S.C. 2680(f).  Because that argument was not made in Defendant's motion to dismiss, but rather in its reply brief, the Court does not further consider that defense from suit.

discretionary function exception still applies, and his claims are not actionable under the FTCA.

For all of these reasons, the undersigned finds that the District Court lacks subject matter jurisdiction to consider this matter.  When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's complaint as to the United States of America be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

It is further **RECOMMENDED** that Defendant's motion to dismiss [ECF No. 28] be **GRANTED**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the**

18

**Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:          August 12, 2022

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

19