IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**DAVID LYNN BELL,**

      Plaintiff,

v.                                                    **CIVIL ACTION NO.: 3:21-CV-148
(GROH)**

**UNITED STATES OF AMERICA,**

      Defendant.

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the Court is a Report and Recommendation ("R&R") entered by United States Magistrate Judge Robert W. Trumble. ECF No. 51. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R. Therein, Magistrate Judge Trumble recommends that this Court deny the Plaintiff's Complaint [ECF No. 7] and dismiss this civil action without prejudice. After being granted two extensions, the Plaintiff filed his objections to the R&R [ECF No. 59], and the Defendant submitted a Response to the Plaintiff's objections [ECF No. 60]. Accordingly, this matter is now ripe for adjudication.

### I. Background

On September 10, 2021, the Plaintiff submitted a handwritten complaint in an attempt to initiate a civil action pursuant to the Federal Tort Claims Act. ECF No. 1. However, he did not submit his complaint using the Court-approved form, so the Clerk of Court issued a Notice of Deficient Pleading. ECF No. 2. Attached to the notice was a copy of this Court's Federal Torts Claim Act Complaint form. ECF No. 2-1.

On October 8, 2021, the Plaintiff filed a completed Federal Torts Claim Act Complaint on the Court-approved form. ECF No. 7. Therein, the Plaintiff raises one claim for relief: "I was infected with the Covid-19 virus by the actions of unnamed BOP staff." ECF No. 7 at 6. In support, the Plaintiff explains that BOP employees placed an inmate arriving from another institution in his cell on or about December 12, 2020. The Plaintiff believes the new inmate carried the Covid-19 virus because the Plaintiff developed Covid-19 symptoms two weeks later and tested positive one month later. The Plaintiff does not levy his claim against any particular BOP employee. Instead, the Plaintiff avers that "[o]bviously, someone working at Hazelton disregarded protocol and quartered someone needing quarantine in the cell with me." ECF No. 7 at 6.

The Plaintiff alleges that he suffers from preexisting conditions, was hospitalized after his Covid-19 infections, and still suffers from respiratory issues caused by his infection. For relief, the Plaintiff requests compensatory damages in the amount of $500,000.00.

On April 8, 2022, the Defendant filed a Motion to Dismiss [ECF No. 28], pursuant to Federal Rule of Civil Procedure 12(b)(1). In its motion, the Defendant argues that this Court lacks subject matter jurisdiction over the Plaintiff's claim because the FTCA's discretionary function exception applies and precludes subject matter jurisdiction. In particular, the Defendant maintains that the BOP's handling of Covid-19 and the protective measures it put into place involved an element of judgment or choice. Further, the Defendant argues that the judgment afforded to the BOP in addressing the pandemic is the kind of judgment that the discretionary function was designed to shield. Therefore,

the Defendant avers that it has not waived its sovereign immunity, and the discretionary function exception precludes subject matter jurisdiction.

After being granted two extensions of his deadline to respond, the Plaintiff filed a Response to the Defendant's motion. ECF No. 41. Therein, the Plaintiff argues that the BOP officers had no judgment or choice available because quarantine protocols were an established policy. He contends that the officers "had no option to place a quarantined man into a cell with someone from the general population." ECF No. 41 at 6. The Plaintiff avers that that the BOP Covid-19 Pandemic Response Plan "specifically described the quarantine, cohort, and isolation procedures, therefore no choice or judgment was left for the discretionary function exception to protect." ECF No. 41 at 6. Nonetheless, the Plaintiff does concede that on December 12, 2020, when the new inmate was placed in his cell, that the inmate was asymptomatic for Covid-19.

On June 22, 2022, the Defendant filed a Reply, with exhibits in support attached. ECF No. 45. The Defendant argues that BOP employees followed the BOP Covid-19 Pandemic Response Plan, including using the correct grouping or "cohorting" of inmates who are "infected or colonized with or potentially exposed to the same infectious agent . . . to confine their care to one area and prevent contact with susceptible patients." ECF No. 45 at 2. The Defendant asserts that the Plaintiff and his cellmate were both asymptomatic and negative for Covid-19 when they were placed in the same cell. Accordingly, the Defendant argues "there is simply no evidence to support Plaintiff's allegation that BOP staff knowingly placed a COVID positive [inmate] into a cell with Plaintiff." ECF No. 45 at 3. The Defendant asserts that the Pandemic Response Plan is

3

discretionary, and "the modules themselves consist largely of non-binding guidance for officials managing prison facilities." ECF No. 45 at 3.

Further, for the first time, in its reply, the Defendant argues that the FTCA "immunizes the Government from suit for damages proximately caused by the decision whether to impose a quarantine and any actions undertaken by the Government to carry out the purposes of the quarantine. The Government retains this immunity even if it acts negligently in carrying out the quarantine." ECF No. 45 at 1-2. The Defendant supports its argument by citing to another district court within the Fourth Circuit that similarly applied the quarantine exception to dismiss an FTCA and Bivens claim alleging a breach of quarantine procedures. ECF No. 45 at 1-2 (citing Wallace v. United States Dep't of Just., No. 5:21-CT-3035-D, 2021 WL 2853692, at *2 (E.D.N.C. June 24, 2021), aff'd, No. 21-7017, 2022 WL 1024613 (4th Cir. Apr. 6, 2022)).

Magistrate Judge Robert W. Trumble entered a Report and Recommendation in this matter on August 12, 2022. ECF No. 51. Therein, Magistrate Judge Trumble recommends that this Court grant the Defendant's motion to dismiss, deny the Plaintiff's complaint, and dismiss this civil action without prejudice. In his R&R, the magistrate judge noted that not only does the FTCA include an exception for any discretionary function, but it also includes an exception for any damages related to the establishment of a quarantine. ECF No. 51 at 10 (citing 28 U.S.C.A. § 2680(a),(f)).

In finding that the discretionary function exception applies, the magistrate explained that both the BOP employees' determination that the Plaintiff and the newly arrived inmate could be classified in the same cohort and the BOP employees' decision to place them in a cell together involved an element of judgment or choice. Indeed, the

Fourth Circuit has held, "decisions relating to the accommodation of inmates, such as cell assignments, are the type of day-to-day judgments that rest firmly in the discretion of prison officials." Veney v. Wyche, 293 F.3d 726, 733 (4th Cir. 2002).

Further, the magistrate hypothesized that even if the Court were to agree with Plaintiff that the Pandemic Response Plan was mandatory, and BOP employees were required to establish cohorts of inmates who had a similar COVID-19 status, it is still within the discretion of BOP employees to determine cell placement of inmates in the same cohort. Here, the magistrate found that the Plaintiff and the new inmate were correctly placed within the same cohort because they were both asymptomatic and tested negative for Covid-19 at the time they were assigned to the same cell. Lastly, the discretion afforded to BOP employees in determining how to best ensure the safekeeping, care, and subsistence for all inmates in their suitable quarters is the kind of judgment that the discretionary function was designed to shield.

In his R&R, the magistrate acknowledged that the Defendant would also be immune from suit under the quarantine exception codified in 28 U.S.C. 2680(f). However, because the Defendant did not make this argument in its motion to dismiss, raising it for the first time in its reply brief, the magistrate did not consider the defense from suit. Further, the Plaintiff was not given an opportunity to respond to the quarantine exception, as in, for example, the form of a surreply requesting argument on the issue. Regardless, the magistrate found that the Defendant is immune from suit under the discretionary function exception of the FTCA. Therefore, the magistrate held that this Court lacks subject matter jurisdiction to consider this matter, so the Court must dismiss the case.

5

After being granted two extensions of his deadline to file objections, the Plaintiff filed his objections in this matter on October 24, 2022. ECF No. 59. His first objection claims that the magistrate misunderstood the facts of his complaint because the Plaintiff's issue with BOP staff was their decision not to place the Plaintiff into his own quarantine; he now claims his issue was not the placement of a new inmate into his cell.

The Plaintiff's second objection disputes the magistrate's finding that the BOP employees were performing a discretionary function because the Pandemic Response Plan prescribes a specific course of action that BOP employees must follow, which the BOP employees failed to follow. The Plaintiff also claims that the magistrate's analysis approving the BOP's decision to house the Plaintiff and the new inmate together "was nonsensical." ECF No. 59 at 5.

Lastly, in his third objection, the Plaintiff asserts that 28 U.S.C. § 2680(f) does not apply. In support of this third objection, the Plaintiff's argument largely focuses on his claim that a quarantine was not established, but his argument concludes by noting that "[i]t would also seem the Defendant waived this issue by not including it in its original motion requesting dismissal." ECF No. 59 at 9-10.

The Defendant filed a Reply to the Plaintiff's objections, wherein the Defendant argues that the Plaintiff's objections are futile. ECF No. 60. The Defendant avers that the Plaintiff largely presents the same arguments previously made in his response to the Defendant's motion to dismiss; indeed, arguments that were fully considered and even summarized in the R&R. In replying to the Plaintiff's new factual argument claiming that he should have been placed in quarantine, as opposed to the new inmate, the Defendant contends this distinction is a difference with no actual significance, as the crux of the

Plaintiff's claim remains that he was infected with Covid-19 due to placement in a cell with a newly arrived inmate. The Defendant also reaffirms its argument that the BOP employees were performing a discretionary function at the time of the Plaintiff's injury.

Notably, in a footnote, the Defendant observes that the magistrate acknowledged that the quarantine exception provided by 28 U.S.C. 2680(f) would have provided immunity to the Defendant in this matter, but the magistrate did not further consider this argument as it was first referenced in the Defendant's reply brief. The Defendant then states that the "Plaintiff offers no objection to this acknowledgement of immunity." ECF No. 60 at 4 n.1. However, the Plaintiff's third objection directly addresses the immunity provided by 28 U.S.C. 2680(f) and concludes by stating "[i]t would also seem the Defendant waived this issue by not including it in its original motion requesting dismissal." ECF No. 59 at 9-10.

## II. Legal Standards

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Further, failure to file timely objections constitutes a waiver of de novo review and the Plaintiff's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Pursuant to this Court's Local Rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged

7

and shall specify the basis for each objection." LR PL P 12(b). The Local Rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation." LR PL P 12(d).

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W.Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012). "Similarly, when an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review." Taylor v. Astrue, 32 F. Supp. 3d 253, 260-61 (N.D.N.Y. 2012).

Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal authority, [are] not sufficient." Id. at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or

8

arguments does not constitute an adequate objection." Id.; see also Fed. R. Civ. P. 72(b); LR PL P 12. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

### III. Analysis

Now pending before the Court are the Plaintiff's Objections [ECF No. 59]. Therein, the Plaintiff raises three objections to the R&R. Upon review, the Court finds that two objections warrant de novo review, and one objection warrants only clear error review. The Court will analyze each objection in turn.

#### A. First Objection: Interpretation of the Facts

In his first objection, the Plaintiff alleges that the magistrate incorrectly stated that the injury alleged in his complaint was caused by the placement of a new inmate in his cell. The Plaintiff concedes that the magistrate recounted all the facts correctly, but, he argues the magistrate, somehow, arrived at the wrong understanding. The Plaintiff explains that his cause of action resulted from BOP medical staff not quarantining him. Because this objection is specific and does not present an argument previously raised, the Court will review the Plaintiff's objection de novo. See 28 U.S.C. § 636(b)(1)(c).

Upon review of all the filings, the Court finds that at no time before filing this objection has the Plaintiff ever stated that he should have been placed in quarantine. The facts alleged in the Plaintiff's complaint span only a few sentences, all of which focus on the transferring in of a new inmate into his cell. Indeed, the Court can recount the Plaintiff's complaint here in entirety because it is so brief.

First, as his claim for relief, the Plaintiff states "I was infected with the Covid-19 virus by the actions of unnamed BOP staff." ECF No. 7 at 6. For his supporting facts, the Plaintiff explains "[a]n inmate (Michael Yates) was placed in my cell in lieu his arrival from USP McCreary on or about December 12, 2020. He was a carrier of Covid-19, I was 'quarantined' with him, and I then developed symptoms two weeks later. My infection was confirmed on January 12, 2021." ECF No. 7 at 6. When prompted to identify the federal employee who caused his injury, the Plaintiff stated that he suffered harm from "unknown employee(s) of USP Hazelton (Federal Bureau of Prisons)." ECF No. 7 at 6.

The Plaintiff never mentions a request or hope that BOP staff place him in quarantine. From the facts alleged, it appears that the BOP would have no reason to place the Plaintiff in quarantine. At no point does the Plaintiff allege that he tested positive or experienced Covid-19 symptoms that would prompt a quarantine placement. Indeed, quite the opposite, the Plaintiff repeatedly asserts that it was another individual who infected him. Nothing in the Plaintiff's complaint supports the Plaintiff's objection that his cause of action stems from him not being placed in quarantine. Instead, the entirety of his complaint focuses on the introduction of a new inmate into his cell.

Similarly, in his response to the Defendant's motion to dismiss, the facts detailed by the Plaintiff focus on the new inmate being housed in his cell with him; at no point does the Plaintiff even hint at the idea that he thought he should be removed from his cell and placed into quarantine. The entirety of the Plaintiff's pleadings up until this point take issue with the introduction of a new inmate into his cell. Further, even if the Plaintiff had at any point raised this argument before, it does not overcome the discretionary function

exception as it still involves a judgment call by the BOP to determine cell placement of inmates.

As noted by the Defendant in its reply, the Plaintiff's objection here presents a difference with no actual significance. Even if the Plaintiff's claim was flip-flopped, and he had claimed that he should have been placed in quarantine rather than someone else, the discretionary function exception still applies. In either scenario, both the BOP employees' decision that the Plaintiff and a newly arrived inmate could be classified in the same cohort and the BOP employees' decision to place them in a cell together involved an element of judgment or choice. Indeed, the Fourth Circuit has held, "decisions relating to the accommodation of inmates, such as cell assignments, are the type of day-to-day judgments that rest firmly in the discretion of prison officials." Veney, 293 F.3d at 733. Accordingly, the Plaintiff's first objection alleging that the magistrate misconstrued the facts underlying his complaint is **OVERRULED**.

### B. Second Objection: Application of Discretionary Exception

The Plaintiff's second objection largely rehashes the arguments made in his response to the Defendant's motion to dismiss. The Plaintiff again asserts that the BOP's Pandemic Response Plan qualifies as a regulation or policy that specifically prescribed a course of action that BOP employees must follow, without discretion. Indeed, this argument was noted in the magistrate's summary of the Plaintiff's argument in the R&R. ECF No. 51 at 4.

The Plaintiff also argues that Magistrate Judge Trumble ignored the BOP employees' failure to follow the procedures specifically prescribed by the policy, but then he argues that the magistrate's analysis of the BOP's actions was nonsensical. Lastly, in support of his objection, the Plaintiff asserts that 18 U.S.C. § 4042 and the BOP's

11

Pandemic Response Plan establish a set duty of care owed to the Plaintiff, not a discretionary function that the Defendant cannot be held liable for. Because the substance of the Plaintiff's second objection echoes the arguments raised in his response brief and addressed by the magistrate in the R&R, the Court will afford this objection clear error review. See Taylor, 32 F. Supp. 3d at 260-61.

First, the Plaintiff's argument asserting that the BOP's Pandemic Response Plan mandates specific action was clearly addressed by the magistrate. ECF No. 51 at 15-16. The magistrate found that the Plaintiff failed to cite any legal authority or provision within the Plan that supports his argument that the Plan mandated specific action. Indeed, upon review of the Plan, the Court finds it does not mandate specific action.

For example, the Plan begins by stating that its purpose is "to provide specific *guidance* … Effective response to the challenge of COVID-19 requires that all disciplines in a correctional facility come together to *develop*, *implement*, and *modify* plans as information and conditions change." ECF No. 41-5 at 3 (emphasis added). While the Plan uses the word "specific," when read in context, it is clear that the Plan attempts to provide BOP officials with as much assistance as possible when dealing with an unprecedented pandemic. The Plan does not mandate specific action, it explicitly allows for elements of discretion, judgment calls, and choice. For example, when outlining guidance on "cohorting," which the Plaintiff takes issue with here, the Plan states "[i]n the BOP, this *may* refer to housing inmates of similar infection status rather than in single cells." ECF No. 41-5 at 3 (emphasis added).

Further, when outlining strategies for inmate movement, the Plan plainly states that "[t]his framework *recognizes that pandemics can make ordinary or well-established*

*standards difficult or impossible* to achieve and proposes reasonable alternative standards that provide *an acceptable balance of risk and benefit*." ECF No. 41-5 at 6 (emphasis added). Opposite to the Plaintiff's characterization, the Plan provides BOP employees with fluid options subject to change based on their discretion.

Next, the Plaintiff seemingly argues that Magistrate Judge Trumble both failed to analyze the BOP employees' actions but then goes on to say that his analysis was nonsensical. The Plaintiff appears to take issue with being classified in the same cohort as the new inmate. Both the Plaintiff and the new inmate were asymptomatic. Upon arrival, the BOP tested the new inmate for Covid-19 and the test returned negative results. The Plaintiff hedges his argument on the fact that he was not tested at the same time and that there is no negative Covid-19 test for him before this Court. Indeed, this Court does find that the Defendant and magistrate incorrectly stated that the Plaintiff tested negative at the time of the new inmate's arrival. However, he was asymptomatic at the time, so no reason existed at that time to test him. Further, there is no positive test for the Plaintiff before this Court from that time, and the Plaintiff certainly does not allege that he was positive for Covid-19 at that time.

Upon review of the filings in this matter, the Court, like the magistrate, can follow the BOP's decision-making logic to house the Plaintiff and the new inmate together. However, regardless of the decision made—a decision was made; discretion was used. Decisions about cell placement are based upon the discretion and judgment of the BOP's staff, and even the Plan acknowledges that standards for managing inmate movement during the pandemic must evolve over time and involve "an acceptable balance of risk and benefit." See ECF No. 41-5 at 6. The BOP employees' decision to house, cohort, and

move inmates qualifies for the discretionary function exception to liability. See Veney, 293 F.3d at 733.

Lastly, as it pertains to the Plaintiff's theory that 18 U.S.C. § 4042 establishes a nondiscretionary duty to protect inmates from Covid-19, the Court finds it does not. Instead, the statute provides for the general duties of the BOP, including the management of prisons and the safekeeping, care, and subsistence of all inmates. 18 U.S.C. § 4042. The statute itself provides no specific direction as to how the BOP is to fulfill its duties, much less how to prevent the spread of Covid-19. Further, courts have routinely refused to find that this statute mandates specific, non-discretionary conduct or that failure to adhere to it would preclude the application of the discretionary function exception. Palay v. United States, 349 F.3d 418, 428-29 (7th Cir. 2003) (collecting circuit courts of appeal cases holding the same); see also Rich v. United States, 811 F.3d 140, 145 (4th Cir. 2015) (stating the BOP "retains discretion regarding the implementation" of the "broad directives" in § 4042(a)).

Indeed, to the extent that the Plaintiff's claim is based on decisions executed under 18 U.S.C. § 4042, the BOP's Pandemic Response Plan, or both together, the discretionary function exception bars his claim. Accordingly, finding no clear error on this issue, the Plaintiff's second objection, asserting that the discretionary function exception does not apply, is **OVERRULED**.

### C. Third Objection: Application of Quarantine Exception

In his third objection, the Plaintiff presents an argument objecting to the application of the FTCA's quarantine exception as provided in 28 U.S.C. § 2680(f). While the Defendant claims that the "Plaintiff offers no objection to this acknowledgment of immunity," the Court finds he does here. ECF No. 60 at 4 n.1. The Plaintiff's argument

14

mostly focuses on his theory that a quarantine was not established. Because this objection is specific and does not present an argument previously raised, the Court will review the Plaintiff's objection de novo. See 28 U.S.C. § 636(b)(1)(c).

In the R&R, Magistrate Judge Trumble noted that not only does the FTCA include an exception for discretionary functions, but it also includes an exception for any damages related to the establishment of a quarantine. ECF No. 51 at 10 (citing 28 U.S.C. § 2680(a),(f)). Indeed, 28 U.S.C. § 2680(f) "immunizes the Government from suit for damages proximately caused by the decision whether to impose a quarantine and any actions undertaken by the Government to carry out the purposes of the quarantine. The Government retains this immunity even if it acts negligently in carrying out the quarantine." Wallace v. United States Dep't of Just., No. 5:21-CT-3035-D, 2021 WL 2853692, at *2 (E.D.N.C. June 24, 2021), aff'd, No. 21-7017, 2022 WL 1024613 (4th Cir. Apr. 6, 2022).

However, because the Defendant did not make this argument in its motion to dismiss, instead raising it for the first time in its reply brief, the magistrate did not consider the defense from suit. Indeed, like the discretionary function exception, the quarantine exception is an affirmative defense to liability under the FTCA that the government must plead and prove. Cf, e.g., Keller v. United States, 771 F.3d 1021, 1023 (7th Cir. 2014) ("The discretionary function exception is an affirmative defense to liability under the FTCA that the government must plead and prove."); S.R.P. ex rel. Abunabba v. United States, 676 F.3d 329, 333 n.2 (3d Cir.2012) ("[T]he Government has the burden of proving the applicability of the discretionary function exception.").

While the magistrate rightly noted that the quarantine exception would apply in this case, the magistrate refrained from considering, applying, or ruling on the exception because it was not properly raised as a defense. Indeed, the Plaintiff stated in his objection that "[i]t would also seem the Defendant waived this issue by not including it in its original motion requesting dismissal." ECF No. 59 at 9-10.

While the Plaintiff may think that the magistrate applied this exception in dismissing his claim, the magistrate did not. In the R&R, the magistrate merely acknowledged that the quarantine exception existed and would have applied to this cause of action had it been properly raised. This Court, the magistrate, and the Plaintiff agree that the Defendant waived immunity pursuant to the quarantine exception by not raising it in its motion to dismiss. To the degree that the Plaintiff objects to the magistrate's application of the quarantine exception, his objection is **OVERRULED** because the magistrate did not actually apply the quarantine exception provided by 28 U.S.C. § 2680(f).

### IV. Conclusion

Accordingly, the Plaintiff's Objections [ECF No. 59] are **OVERRULED**. After a review of the remainder of the R&R for clear error, and finding none, this Court holds that the R&R carefully considered the record and applied the appropriate legal analysis. Therefore, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 51] should be, and is, hereby **ORDERED ADOPTED**. For the reasons more fully stated in the R&R, the Court **ORDERS** the Plaintiff's Complaint [ECF No. 7] be **DENIED** and this civil action **DISMISSED WITHOUT PREJUDICE**.

The Court **FURTHER ORDERS** that the Defendant's Motion to Dismiss [ECF No. 28] be **GRANTED.**

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk is **DIRECTED** to mail a copy of this Order to the pro se Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

**DATED**: March 31, 2023

GINA M. GROH
UNITED STATES DISTRICT JUDGE